UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:24-CR-80-KAC-JEM |
| KHALID SULLIVAN, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Khalid Sullivan's Motion to Continue [Doc. 48], filed on January 22, 2026.

Defendant asks the Court to continue the current trial date, which is set for February 24, 2026, and extend the plea date accordingly [*Id*.]. In support of his motion, Defendant states that currently pending before the Court is Defendant's objection to the Report and Recommendation of the undersigned, related to his motion to suppress [*Id*. ¶ 3].[1] Defendant submits that the final ruling on this motion to suppress is dispositive or at least resolves a significant number of the issues in this case [*Id*. ¶ 4]. Defendant maintains that the parties' negotiations toward a plea agreement would be informed by the Court's ruling on this motion [*Id.*]. Defendant submits that the parties seek a final ruling on the motion to suppress before continuing toward a plea agreement in this matter and that it would serve the interests of justices as well as Defendant's best interests to have this motion resolved prior to the trial and prior to the expiration of any plea deadline [*Id*. ¶ 5]. Defendant represents that the Government does not oppose a continuance [*Id*. ¶ 7].

---

[1] Since the filing of Defendant's Motion to Continue, District Judge Katharine A. Crytzer has since denied Defendant's Motion to Suppress and adopted the relevant portions of the undersigned's Report and Recommendation [Doc. 49].

Defendant further represents that he understands and agrees that the time period of this continuance is excluded from the speedy trial computation [*Id.* ¶ 8].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to consult with his client, consider a plea, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the February 24, 2026 trial date.

The Court therefore **GRANTS** Defendant Khalid Sullivan's Motion to Continue [**Doc. 48**]. The trial of this case is reset to **May 26, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on January 22, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Khalid Sullivan's Motion to Continue [**Doc. 48**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 26, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 22, 2026**, and the new trial date of **May 26, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 24, 2026**;

(5) the deadline for filing motions *in limine* is **May 11, 2026**, and responses to motions *in limine* or due on or before **May 19, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 12, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 15, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge